

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. 0-2567
Re: The Liquor Control Board does not
have the legal right or authority
to suspend or cancel a liquor per-
mit of a corporation by reason of
non-payment of franchise taxes.
And related matters.

Your recent request for an opinion of this department on
the questions as are herein stated has been received.

We quote from your letter as follows:

"A wholesaler of wine who has obtained a Wine
Bottler's Permit under the provisions of Section 15
(17) of the Texas Liquor Control Act was incorporated
under the laws of Texas to do business. Advice from
the Secretary of State is to the effect that this cor-
poration, not having paid franchise taxes due in the
year 1940, has been declared ineligible to do business;
and, in accordance with this procedure, the Secretary
of State has forfeited the charter. We understand this
forfeiture to be an administrative act and not consum-
mated by judicial proceedings.

"The question presented here is what effect such
situation will have on this corporation's right to con-
tinue the use of its liquor permit and whether there is
any authority vested in this Board to suspend or cancel
the permit by reason of non-payment of franchise taxes and
the subsequent act of the Secretary of State declaring
the charter forfeited.

"I might add that we have frequently been pre-
sented with this same question with reference to other
corporations and it is our desire to require all corpor-
ations to promptly meet their obligations to the State
in the payment of franchise taxes, if there is discre-
tionary authority vested in the Texas Liquor Control
Board to exercise that function."

Articles 7091, 7095 and 7096, Vernon's Annotated Civil
Statutes read as follows:

"Art. 7091. Any corporation. either domestic

or foreign, which shall fail to pay any franchise tax
provided for in this chapter when the same shall become
due and payable under the provisions of this chapter,
shall thereupon become liable to a penalty of twenty-
five per cent of the amount of such franchise tax due
by such corporation. If the amount of such tax and pen-
alty be not paid in full on or before the first day of
July, thereafter, such corporation shall for such de-
fault forfeit its right to do business in this State;
which forfeiture shall be consummated without judicial
ascertainment by the Secretary of State entering upon
the margin of the record kept in his office relating to
such corporation, the words, 'right to do business
forfeited,' and the date of such forfeiture. Any cor-
poration whose right to do business shall be thus for-
feited shall be denied the right to sue or defend in
any court of this State, except in a suit to forfeit
the charter of such corporation. In any suit against
such corporation on a cause of action arising before
such forfeiture, no affirmative relief shall be granted
to such corporation unless its right to do business in
this State shall be revived as provided in this chapter.
Each director and officer of any corporation whose
right to do business within this State shall be so for-
feited shall, as to any and all debts of such corporation
which may be created or incurred, with his knowledge,
approval and consent, within this State, after such for-
feiture by any such directors or officers, and before
the revival of the right of such corporation to do bus-
iness, be deemed and held liable thereon in the same
manner and to the same extent as if such directors and
officers of such corporation were partners.

"Art. 7095. The Attorney General shall bring
suit therefor against any such corporation which may be
or become subject to or liable for any franchise tax or
penalty under this law; and, in case there may now be or
shall hereafter exist valid grounds for the forfeiture of
the charter of any domestic private corporation, or failure
to pay any franchise tax or franchise taxes or penalty or
penalties to which it may have become or shall hereafter
be or become subject or liable under this or former law,
he shall bring suit for a forfeiture of such charter; and,
for the purpose of enforcing the provisions of this
chapter by civil suits, venue is hereby conferred upon
the courts of Travis County, concurrently with the courts
of the county in which the principal office of such cor-
poration may be located as shown by its articles or amend-
ed articles of incorporation. Such courts shall also have
authority to restrain and enjoin a violation of any provi-
sion of this chapter. In any case in which any court having
jurisdiction thereof shall make and enter judgment forfeit-
ing the charter of any such corporation, the court may appoint
a receiver thereof and may administer such receivership under
the laws regulating receiverships.

"Art. 7096. Upon the rendition by the district court of any judgment of forfeiture under the provisions of this chapter, the clerk of that court shall forthwith mail to the Secretary of State a certified copy of such judgment; and, upon receipt thereof, he shall endorse upon the record of such charter in his office the words, 'Judgment of forfeiture,' and the date of such judgment. In the event of an appeal from such judgment by writ of error or otherwise, the clerk of the court from which such appeal is taken shall forthwith certify to the Secretary of State the fact that such appeal has been perfected, and he shall endorse upon the record of such charter in his office the word, 'appealed,' and the date upon which such appeal was perfected. When final disposition of such appeal shall be made, the clerk of the court making such disposition thereof shall forthwith certify such disposition and the date thereof to the Secretary of State, who shall briefly note same upon the record of such charter in his office and the date of such final disposition."

It will be noted that under Article 7091, supra, that when any corporation fails to pay any franchise tax provided for in chapter 3, Title 122, Vernon's Annotated Civil Statutes, within the time and manner prescribed by the statute, such corporation shall for such default forfeit its right to do business, in this State; which forfeiture shall be consummated without judicial ascertainment by the Secretary of State entering upon the margin of the record kept in his office relating to such corporation, the words, "right to do business forfeited," and the date of such forfeiture. This statute further provides that "any corporation whose right to do business shall be thus forfeited shall be denied the right to sue or defend in any court of this State, except in a suit to forfeit the charter of such corporation." The charter of the corporation is not forfeited by this procedure but only the right of the corporation to do business in the State is forfeited.

Article 7095, supra, makes it the duty of the Attorney General to bring suit against any corporation which may become subject to or liable for any franchise tax or penalty under the franchise tax law, and, in case there may now be or shall hereafter exist any valid grounds for the forfeiture of the charter of any domestic private corporation, or failure to pay any franchise tax or franchise taxes or penalty or penalties to which it may have become or shall hereafter be or become subject or liable under the franchise tax law, the Attorney General shall bring suit for forfeiture of such charter.

The corporation here under consideration obtained a Wine Bottler's Permit under the provisions of Section 15 (17) of the Texas Liquor Control Act, which was incorporated under the laws of the State of Texas to do business. Section 12 of the Texas Liquor Control Act sets forth the grounds on which the Board or Administrator may cancel or suspend a permit as above mentioned. The forfeiture of the right to do business in the State nor the forfeiture of a charter is not one of the grounds set forth in Section 12 authorizing the Board or Administrator to suspend or cancel a permit.

It is our opinion that the Texas Liquor Control Board has no legal right or authority to cancel or suspend the above mentioned license upon the ground that the corporation's right to do business in this State has been forfeited, as this is not one of the grounds set forth in Section 12 of the Texas Liquor Control Act authorizing the Board or Administrator to suspend or cancel a permit.

With reference to your question, whether or not the Texas Liquor Control Board is vested with any authority to require all corporations to promptly meet their obligations to the State in payment of franchise taxes, you are respectfully advised that the statutes impose no duty upon the Texas Liquor Control Board to collect or require the payment of franchise taxes.  Therefore, the said Board is without authority to require the payment of franchise taxes or the collection thereof.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Ardell Williams
    Ardell Williams
    Assistant

AW:AW:wc


APPROVED JULY 30, 1940
s/ Glenn R. Lewis
Acting - ATTORNEY GENERAL OF TEXAS


Approved Opinion Committee by s/BWB Chairman